This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Roy Johnson, Sr., has appealed the decision of the Akron Municipal Court that overruled his objections to the magistrate's decision and entered judgment in favor of appellee-plaintiff, Louis A. Veal, Jr. This Court affirms.
Johnson rented property located at 957 Snyder Street, in the city of Akron, from Veal. Johnson supplied Veal with proper notification that he would be vacating the premises, but failed to pay the last month's rent. Veal filed suit against Johnson for payment of rent due, for reimbursement for an unpaid water bill, and for damage to the property, including replacement of a storm door. The matter was heard before a magistrate. The magistrate recommended that judgment be entered against Johnson for one month's rent along with a late charge, for monies owed on a water bill, and for replacement of a storm door.
Johnson filed objections to the magistrate's decision concerning only the storm door. He argued that there was no need to replace the storm door and that the magistrate's decision is contrary to law. The trial court overruled Johnson's objections and adopted the magistrate's decision. Johnson has timely appealed, asserting two assignments of error which will be addressed in tandem as they raise identical issues of law and fact.
ASSIGNMENT OF ERROR NO. I
 WHETHER THE ASSIGNMENT OF LIABILITY WAS PREDICATED ON JUDICIOUS REVIEW AND FAIR TO DEFENDANT WHEN PLAINTIFF DOES NOT PROVIDE EVIDENCE OF ANY DAMAGE TO THE STORM DOOR.
 ASSIGNMENT OF ERROR NO. II
 WHETHER JUDGE STORMER'S ACCUATELY [sic] INTERPRETED R.C. 5321.05 CANFIELD v. LAUDERDALE. [sic]
Johnson asserts that the lower court erred in adopting the magistrate's decision finding him liable for replacement of the storm door. This Court disagrees.
Johnson argues that Veal was not entitled to recover repair or restoration costs for the storm door because Veal failed to present evidence of the diminution in the fair market value of the door as a result of damage. Johnson contends that the receipt for the cost of the replacement door was insufficient evidence upon which judgment could have been rendered against him because there was no eyewitness testimony presented regarding the degree of damage.
Veal submitted a receipt for the cost of replacement of the storm door. A review of the transcript of the proceedings held before the magistrate reveals that Veal testified that the damage to the storm door was so extensive that the door "couldn't be repaired, and had to be replaced." Johnson testified that when he vacated the premises "there was no damage to the door, * * * [n]one whatsoever." Robert McElroy, a friend who helped Johnson move out of the premises, testified that he "didn't see no damage" to the door.
The trial court found that the magistrate was in the best position to evaluate the credibility of the witnesses and that based on the testimony presented, "the value of the door after the damage occurred was zero[,]" and therefore, "the proper measure of damages to the door was its replacement cost." This Court agrees. Veal testified that restoration of the door was not feasible, that the door needed to be replaced. Because the magistrate was free to believe Veal's testimony, the trial court did not err in adopting the magistrate's decision. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus (holding that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts"). Accordingly, Johnson's assignments of error are overruled.
The judgment of the municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
____________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J. CONCUR